IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUSCLEPHARM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>Defendant. | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiff MusclePharm Corporation ("MusclePharm"), by and through its undersigned counsel, files this Complaint against Defendant General Nutrition Corporation ("GNC"), alleging as follows:

**PRELIMINARY STATEMENT**

1. This action arises out of GNC's improper refusal to pay MusclePharm for products that MusclePharm sold to GNC.

2. MusclePharm is a high performance sports nutrition company that produces, manufactures and distributes supplements, sports nutrition and other health related products. In 2013, MusclePharm entered into a Purchasing Agreement (as amended, the "Purchasing Agreement") with GNC, an international retailer specializing in the sale of nutritional and health related products.

3. Pursuant to the Purchasing Agreement, MusclePharm provided GNC with a substantial quantity of its products for distribution and sale in GNC's retail stores, for which GNC owes MusclePharm significant sums. In addition, GNC has improperly taken at least $450,000 in "early pay" discounts on MusclePharm's invoices in violation of the Purchasing Agreement's express terms.

4.     By this action, MusclePharm seeks the damages resulting from GNC's breaches of the Purchasing Agreement.

## THE PARTIES

5.     Plaintiff MusclePharm is a corporation organized and existing under the laws of the State of Nevada, with its principle place of business in Burbank, California.

6.     Defendant GNC is a corporation organized and existing under the laws of the State of Pennsylvania, with its principle place of business located in Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

8.     This Court has personal jurisdiction over GNC because GNC is a corporation with its principle place of business in Pittsburgh, Pennsylvania.  Additionally, GNC entered into a contract with MusclePharm, which it executed in the State of Pennsylvania.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because GNC is a resident of this judicial district.  Venue is also proper in this district because the Purchasing Agreement, the contract giving rise to this action, provides for venue in this Court.

## FACTUAL ALLEGATIONS

A.     **The Purchasing Agreement**

10.    Founded in 2008, MusclePharm is a scientifically driven, performance lifestyle company that develops, manufactures, markets and distributes branded nutritional supplements

and health products.  MusclePharm offers a broad range of products that are marketed and sold in more than 120 countries.

11.     GNC is a retail company that operates retail stores throughout the United States and internationally, specializing in the sale of nutritional vitamins, supplements and health related products.

12.     On or about March 3, 2013, MusclePharm and GNC entered into a Purchasing Agreement providing for, among other things, GNC to purchase products directly from MusclePharm for distribution and sale through GNC's retail stores.

**B.      The Purchasing Agreement**

13.     Pursuant to the Purchasing Agreement and various Purchasing Agreement Addendums, MusclePharm and GNC agreed on the various products to be sold by MusclePharm to GNC for distribution and sale.

14.     The Purchasing Agreement specifies each party's obligations related to shipping, product payment, product returns, advertising and promotions, and other matters.

15.     The Purchasing Agreement entitles GNC to receive certain credits and/or discounts, but only if it follows specific procedures.

16.     For example, GNC is entitled to a discount off an invoiced amount if it remits payment to MusclePharm within a certain period of time from the date of invoice (the "Early Pay Discount").

17.     Similarly, the Purchasing Agreement provides that GNC can take various credits against MusclePharm's invoices relating to promotions, discounts and advertising.  However, each of these credits must be agreed to in advance by MusclePharm.

C.   **GNC's Breach of the Purchasing Agreement**

18.   Beginning in or around April 2016, GNC began withholding payments based on contrived complaints about product pricing and shipment quantity issues. GNC also began accruing a significant outstanding balance related to other invoices that GNC had not paid in full.

19.   By October 2016, GNC had stopped making payments on MusclePharm's account altogether, and thereafter ignored MusclePharm's repeated requests to satisfy outstanding balances. In addition, GNC failed to respond to MusclePharm's inquiries relating to GNC's failure to pay certain invoices based on GNC's dispute over the quantities delivered and the wholesale price charged.

20.   Instead of paying its outstanding balances, GNC claimed substantial amounts of credits against MusclePharm's invoices. GNC was required, however, to obtain MusclePharm's prior approval before it was eligible to take each of these credits. Accordingly, MusclePharm repeatedly requested that GNC provide support for its position that it was entitled to take these credits. In response, GNC provided conclusory statements that it had accumulated credits that GNC claims MusclePharm approved, followed by purported credit approvals that do not cover significant portions of the credits GNC has taken.

21.   After GNC stopped paying MusclePharm's invoices, MusclePharm engaged in a review of GNC's entire payment history and practices under the Purchasing Agreement. During the course of its review, MusclePharm discovered that GNC also had improperly taken more than $450,000 in Early Pay Discounts for payments that were made outside the payment window required by the Purchasing Agreement. GNC also has taken Early Pay Discounts for invoices it claims to have "paid" with credits. But nowhere in the Purchasing Agreement are Early Pay Discounts permitted to be earned for invoices satisfied with credits, and in any event, GNC did

not inform MusclePharm it was applying the purported credits within the payment window.  For these and other reasons, significant additional Early Pay Discounts were improperly taken by GNC.

## COUNT I
### (Breach of Contract)

22. MusclePharm incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. The Purchasing Agreement constitutes a valid and binding contract on the parties.

24. MusclePharm fully performed all of its obligations under the Purchasing Agreement, including by, among other things, providing a substantial amount of products to GNC for resale at GNC's retail locations.

25. GNC materially breached the Purchasing Agreement by, among other things, failing to pay MusclePharm for products it provided pursuant to the Purchasing Agreement, and by taking discounts to which GNC was not entitled under the Purchasing Agreement.

26. As a direct and proximate result of GNC's breach of the Purchasing Agreement, MusclePharm has suffered significant damages.

WHEREFORE, Plaintiff MusclePharm Corporation demands judgment granting the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) the costs and fees, including attorneys' fees, incurred in prosecuting this action;

(c) pre-judgment interest and post-judgment interest at the maximum rate permitted by law; and

(d) such further relief as the Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38, MusclePharm hereby requests trial by jury on all claims and issues so triable.

Dated: April 4, 2018

        DEL SOLE CAVANAUGH STROYD, LLC

        By:   */s/ Justin T. Romano*
            Justin T. Romano

        3 PPG Place, Suite 600
        Pittsburgh, Pennsylvania 15222
        Tel.: (412) 261-2393

            -with-

        KASOWITZ BENSON TORRES LLP

        By:   */s/ Jonathan E. Minsker*
            Jonathan E. Minsker (NY2898211)
            (To be admitted *Pro Hac Vice*)
            Gavin D. Schryver (NY4620092)
            (To be admitted *Pro Hac Vice*)

        1633 Broadway
        New York, New York 10019
        Tel.: (212) 506-1700

        *Attorneys for Plaintiff MusclePharm Corporation*